## TURNER *vs.* WILLIAMS, BERNIE & COMPANY.

An equitable amendment to the issue in a claim case, tendered by the plaintiff in *fi. fa.*, which alleged that in June, 1873, about a year before the date of his judgments, defendant in *fi. fa.* made a deed to claimants to secure the payment of a debt of $1,200.00, and took bond to reconvey on payment thereof, that this was in fact a mortgage, and so intended by the parties, and that since the making of

said deed, defendant in *fi. fa.* had improved the property to the value of $2,177.00, and seeking to have the deed taken as a mortgage, and the improved value of the lot applied to his *fi. fas.*, was demurrable, there being no offer to pay the amount due to claimants in order to redeem the property; especially as it did not appear whether the property, including the improvements, was of greater value than the debt to claimants, or the date when plaintiff's debt was contracted.

Equity. Claim. Amendment. Before Judge HILLYER. Clayton Superior Court. March Term, 1879.

Reported in the decision.

J. D. STEWART; J. S. BOYNTON; W. L. WATERSON; J. T. SPENCE, for plaintiff in error.

E. F. HOGE; P. L. MYNATT; TIGNER & HODNETT, for defendants.

WARNER, Chief Justice.

This was a claim case, and on the trial thereof, the jury, under the rulings of the court, found the property not subject to the *fi. fas.* levied thereon. A motion for a new trial was made on the grounds therein stated, which was overruled, and the plaintiff excepted.

The main ground of error complained of is that the court sustained the demurrer to the plaintiff's equitable amendment to the issue in the case, as set forth in the record, in which it is alleged that on the 10th of June, 1873, Devaughn, the defendant in *fi. fa.*, made a deed to the claimants under the Reese act of 1871 (the title under which they now claim the property), to secure payment of a debt of $1,200.00, the claimants executing bond conditioned to re-convey the property on payment of the debt by Devaughn; that said deed was executed and delivered by Devaughn believing and understanding it was a mortgage, and was accepted as a mortgage, and by fraud, accident, or mistake, said conveyance, in fact, does not express the true

intent and meaning of the parties thereto, being a pretended deed of conveyance when in fact it was understood to be a mortgage only, and the plaintiff in *fi. fa.* prays that said instrument may be so reformed as to speak the intention of the parties. The plaintiff also alleged by way of amendment, that since the making of said deed, Devaughn had improved the property to the value of $2,177.00, and plaintiff in *fi. fa.* insists that he is equitably entitled to have that improved value of the property applied to his *fi. fas.* The plaintiff obtained his judgments against Devaughn on which his two *fi. fas.* levied on the property were issued, on the first of May, 1874, nearly a year after the date of the claimants' deed, which was recorded within twelve months, but not within three months, as required for the recording of mortgages. It does not appear at what time the plaintiff's debt was contracted, nor does it appear whether the property conveyed in the deed, including the improvements, was of greater value than the claimants' debt which the deed was given to secure. Assuming that the deed was intended to be a mortgage as the plaintiff alleges, still, he does not offer to pay the claimants' debt which it was given to secure, for the purpose of redeeming the same for his own benefit. We find no error in sustaining the demurrer to the plaintiff's amended equitable issue, nor in overruling his motion for a new trial.

Let the judgment of the court below be affirmed.